# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL ATIENZA WAGAN, | 1: 08 CV 00680 LJO  WMW HC |
| Petitioner, | ORDER DENYING RESPONDENT'S MOTION FOR STAY |
| v. | [Doc. 10] |
| JAMES D. HARTLEY, WARDEN, | |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254.

On August 5, 2008, Respondent filed a motion for stay of the proceedings pending the Ninth Circuit's en banc review in Hayward v. Marshall, 512 F.3d 536 (9th Cir.2008), *reh'g en banc granted*, ___ F.3d ___, 2008 WL 2131400, No. 06-55392 (9th Cir. May 16, 2008). Petitioner filed an opposition to the motion on September 8, 2008.

**DISCUSSION**

As Respondent notes, the Ninth Circuit has acknowledged that this Court "may, with

1  propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of
2  an action before it, pending resolution of independent proceedings which bear upon the case." Leyva
3  v. Certified Grocers of California Ltd., 593 F.2d 857, 863 (9th Cir.1979). However, the Ninth Circuit
4  has also determined that "once a federal circuit court issues a decision, the district courts within that
5  circuit are bound to follow it and have no authority to await a ruling by the Supreme Court before
6  applying the circuit court's decision as binding authority." Yong v. Immigration and Naturalization
7  Service, 208 F.3d 1116, 1119 n. 2 (9th Cir.2000). In addition, "habeas proceedings implicate special
8  considerations that place unique limits on a district court's authority to stay a case in the interests of
9  judicial economy." Yong, 208 F.3d at 1120.  "Special solicitude is required because the writ is
10 intended to be a 'swift and imperative remedy in all cases of illegal restraint or confinement.'" Id.,
11 *quoting* Fay v. Noia, 372 U.S. 391, 400 (1963). In Yong, the Ninth Circuit addressed an analogous
12 situation where the district court issued a stay pending a decision from the Supreme Court. The
13 Ninth Circuit found that although considerations of judicial economy are appropriate, they cannot
14 justify an indefinite and potentially lengthy stay of a habeas proceeding. Id. at 1120-21.
15 Consequently, the Ninth Circuit ruled the district court abused its discretion in granting a stay.

16      In this case Respondent asks the Court to stay the proceedings pending a decision in
17 Hayward. Like Yong, such a stay would be lengthy. As well, this is a habeas proceeding and
18 therefore implicates special considerations that limit the Court's authority to issue a stay. But more
19 importantly, as Petitioner points out, there is ample binding precedent from the Ninth Circuit other
20 than Hayward which bear on the issues in the petition. See Superintendent v. Hill, 472 U.S. 445, 457
21 (1985); Biggs v. Terhune, 334 F.3d 910, 914 (9th Cir.2003); Sass v. California Board of Prison
22 Terms, 461 F.3d 1123, 1127-28 (9th Cir.2006); Irons v. Carey, 505 F.3d 846, 851 (9th Cir.2007).
23 Pursuant to Yong, this Court has no authority to await a further ruling from the Ninth Circuit before
24 applying these binding precedents. 208 F.3d at 1119 n. 2.
25 ///
26 ///
27 ///
28 ///

1  ///

2  **ORDER**

3  Accordingly, IT IS HEREBY ORDERED:

4  1) Respondent's motion for stay is DENIED;

5  2) All dates currently set in this action shall remain pending subject to further order of the

6  Court.

8  IT IS SO ORDERED.

9  **Dated:    September 12, 2008**                /s/  **William M. Wunderlich**
                                                   UNITED STATES MAGISTRATE JUDGE