UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MANUEL ATIENZA WAGAN, | ) | 1:08-cv-00680 LJO YNP DLB (HC) |
| Petitioner, | ) ) | FINDINGS AND RECOMMENDATION REGARDING DISMISSAL OF SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2244(b) |
| v. | ) ) ) | |
| JAMES HARTLEY, Warden, | ) ) | |
| Respondent. | ) ) | |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation following a conviction for attempted first degree murder and assault with a deadly weapon.

    In September 2007, Petitioner filed a petition for writ of habeas corpus with the Northern District of California; which was then transferred to this district on October 10, 2007. The petition challenged the Board of Parole Hearings finding of unsuitability for parole on August 9, 2006. The petition was denied on April 17, 2009.[1]

---

[1] See Eastern District of California case number 1:07-cv-01461 AWI DLB HC.

1       The instant petition was filed on May 15, 2008 also challenges the Board of Parole Hearings'
2 August 9, 2006 finding that petitioner was unsuitable for parole. (Doc. #1).  Respondent filed a
3 motion to dismiss the petition as successive on September 9, 2008. (Doc. #11).  Petitioner filed an
4 opposition to the motion on October 1, 2008. (Doc. #15).  On October 7, 2009, Respondent filed a
5 reply to Petitioner's opposition. (Doc. #16).  It is respondent's motion to dismiss that the Court now
6 considers.

## DISCUSSION

8       A federal court must dismiss a second or successive petition that raises the same grounds as a
9 prior petition. 28 U.S.C. § 2244(b)(1).  The court must also dismiss a second or successive petition
10 raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive,
11 constitutional right or 2) the factual basis of the claim was not previously discoverable through due
12 diligence, and these new facts establish by clear and convincing evidence that but for the
13 constitutional error, no reasonable finder of fact would have found the applicant guilty of the
14 underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides
15 whether a second or successive petition meets these requirements, which allow a petitioner to file a
16 second or successive petition.

17       Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this
18 section is filed in the district court, the applicant shall move in the appropriate court of appeals for an
19 order authorizing the district court to consider the application." In other words, Petitioner must
20 obtain leave from the Ninth Circuit before he can file a second or successive petition in district court.
21 See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any second or
22 successive petition unless the Court of Appeals has given Petitioner leave to file the petition because
23 a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United
24 States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997),
25 *cert. denied*, 117 S.Ct. 794 (1997);  Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).
26       Because the current petition was filed after April 24, 1996, the provisions of the
27 Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current
28 petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997).  Petitioner makes no showing that he has

obtained prior leave from the Ninth Circuit to file his successive petition attacking the conviction. That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under Section 2254 and must dismiss the petition. See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991.  If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must file for leave to do so with the Ninth Circuit. See 28 U.S.C. § 2244 (b)(3).

**RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED as successive.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days (plus three days for mailing) after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 14, 2009**           **/s/ Dennis L. Beck**
                                     UNITED STATES MAGISTRATE JUDGE